CORNELIA STEVER, an Infant, by CATHERINE STEVER, Her Guardian ad Litem, Appellant-Respondent, v. ASSOCIATED TRANSPORT, INC., et al., Respondents-Appellants.

CATHERINE STEVER, Respondent, v. ASSOCIATED TRANSPORT, INC., et al., Appellants.

Third Department, March 7, 1945.

*Arthur B. Lanphier,* attorney for plaintiff-appellant and respondent.

*Carter & Conboy,* attorneys for defendants-respondents and appellants.

LAWRENCE, J. Two actions are involved in this controversy. One action is for injuries sustained by a girl nineteen years of age as the result of an automobile collision which took place on November 8, 1943. The other action is by the mother to recover the medical expenses, loss of services, etc., as the result of the accident.

The infant plaintiff was a passenger in an automobile owned and operated by the defendant, Morris W. MacDougall, which collided with a tractor-trailer outfit owned by the defendant, Associated Transport, Inc., and operated by the defendant, Charles Schiefer. The jury rendered a verdict of $40,000 in favor of the infant plaintiff, Cornelia Stever, against the defendants, Associated Transport, Inc., and Charles Schiefer, and a verdict of no cause of action in favor of the defendant, Morris W. MacDougall. The jury also returned a verdict in the sum of $2,500 in favor of the mother, Catherine Stever, against the Associated Transport, Inc., and Charles Schiefer, and a verdict of no cause of action in favor of the defendant, Morris W. MacDougall. No appeal is taken from the verdict in favor of Morris W. MacDougall.

Upon the return of the verdicts a motion was made by defendants, Associated Transport, Inc., and Charles Schiefer, to set aside the verdict in the Catherine Stever case, which was denied and exception taken. A separate motion was made by the defendants, Associated Transport, Inc., and Charles Schiefer, to set aside the verdict in the Cornelia Stever infant case upon

the usual grounds, including the claim that the verdict was excessive. This motion was denied except the claim that the verdict was excessive. Decision on that part of the motion was reserved. Later the motion to set aside the verdict as excessive was granted with a provision that if the guardian ad litem should stipulate within ten days to reduce the verdict to $22,500, it would be denied. No such stipulation was made. The plaintiff guardian ad litem in the Cornelia Stever case appeals from that part of the order reducing the verdict; and the defendants, Associated Transport, Inc., and Charles Schiefer, appeal from the judgment and order denying the motion to set aside the verdict in the Catherine Stever case, and from the order denying the motion to set aside the verdict in the Cornelia Stever case upon all the grounds stated except excessiveness.

The damages awarded to the infant plaintiff are excessive and the order setting the verdict aside as excessive unless there should be a stipulation to reduce it was proper. The reasons given by the Trial Judge in setting that verdict aside are well stated and apply here.

The judgment in favor of Catherine Stever should be affirmed. The order setting aside the verdict in the Cornelia Stever case should be affirmed.

In the Catherine Stever case: HILL, P. J., HEFFERNAN, BREWSTER and FOSTER, JJ., concur.

Judgment in favor of Catherine Stever affirmed, with costs.

In the Cornelia Stever case: HILL, P. J., BREWSTER and FOSTER, JJ., concur with LAWRENCE, J. HEFFERNAN, J. I dissent. The jury rendered a verdict in plaintiff's favor for $40,000 which the Trial Judge reduced to $22,500. The plaintiff's injuries in the case of the infant are very serious. All the medical testimony is to the effect that the scars are permanent. In addition to that there is a deformity of the upper lip. The dentist testified that a partial plate will have to be placed in the girl's mouth to replace a tooth knocked out. The testimony also indicates that the scars on this girl's face are distinctly deforming and that as the years go by they will become greater. I see no reason at all to interfere with the jury's verdict. The order should be reversed and the verdict of the jury reinstated.

Order setting aside the verdict in the Cornelia Stever case affirmed, with costs, with leave to plaintiff to accept the reduced verdict extended until ten days after the service of the order to be entered hereon.