CORNELIA STEVER, an Infant, by CATHERINE STEVER, Her Guardian ad Litem, Appellant, v. ASSOCIATED TRANSPORT, INC., et al., Respondents.

MEMORANDUM BY THE COURT. The judgment is founded upon the verdict of a jury as modified by the order of the court and the consent of the plaintiff.

Interest should be computed from the date of the verdict and added to the damages contained in the judgment.

BREWSTER, J. (dissenting). The order appealed from strikes from the judgment plaintiff entered against defendants in the above cause, $1,185 which had been included therein (inserted in the bill of costs), under the claimed requirement of section 480 of the Civil Practice Act.

The above cause was before us at the January, 1945, Term. The plaintiff had secured a verdict in her favor and against defendants at Trial Term for the sum of $40,000 as personal injury damages in a negligence action which arose out of an automobile collision. Defendant had moved at Trial Term to set aside the verdict upon all of the grounds stated in section 549 of the Civil Practice Act and the trial court had denied it upon all of said grounds except as to its being for excessive damages, and upon the latter ground granted the motion, but stipulated its denial in the event plaintiff accepted a lesser amount,

viz., $22,500, within a limited time. This plaintiff failed to do. Thereupon cross appeals by the parties came to our court as aforesaid. Therein plaintiff appealed from the order which set aside her verdict, and defendants appealed from said order insofar as it denied their motion setting it aside on the other grounds, and also from the denial of its motion for a dismissal of the complaint and a directed verdict. By a divided court we affirmed (269 App. Div. 18) Justice BERGAN's order setting aside the verdict but " with leave to the plaintiff to accept the verdict as reduced in the sum of Twenty-Two Thousand Five Hundred ($22,500.00) Dollars upon filing a written stipulation to accept said reduced verdict with the Clerk of the County of Rensselaer within ten (10) days after the entry and service of this order." Thereafter and within said prescribed time plaintiff filed a stipulation to accept " a reduced verdict ", as was aforestated in our order. And judgment was then rendered and entered thereupon. Included in the amount of the judgment (under the heading of costs), was $1,185, the same being interest upon the $22,500 aforesaid from the date the verdict was rendered at Trial Term on May 4, 1944, to the date of the judgment, and which sum the order here appealed from strikes from the bill of costs and judgment.

If the interest in question was allowable, it seems technically incorrect to have included it in the bill of costs. In such case it should, I believe, have been included in the damages. But this is a technicality and no point is made of it on this appeal.

Both parties agree that as regards the precise question presented we are without the light of a clear precedent.

I am in agreement with Justice BERGAN's observations as stated in his memorandum. It seems obvious to me that the statutory rule, section 480 of the Civil Practice Act, is one designed to give interest upon a sum of money awarded by a verdict where a verdict ultimately stands and upon which, and for the sum it awards, judgment is eventually rendered and entered. This, upon the premise that the verdict awarding such sum fixes and determines the amount of damages at a liquidated amount. When, therefore, later it should come about that judgment be rendered and entered for such liquidated amount, a situation would be presented, that, in retrospect, the defendant could have at any prior time, since the rendering of the verdict have paid the amount of the damages owing as a definitely determined and liquidated amount. Having failed to do so, it seems to me, the statute's design was to indemnify the plaintiff for nonpayment, of what was due, by the allowance of interest upon the sum of the verdict. In the situation before us it seems to me that the last paragraph of Justice BERGAN's memorandum is right on the target. But I am adding my " two cents " to the sum of his reasoning by the following: The right to interest upon a sum of money awarded by a verdict is statutory. Section 480 of the Civil Practice Act provides that when " final judgment is rendered for a sum of money awarded by a verdict * * * ", there shall be included in the amount of the judgment, " interest upon the total amount awarded, from the time when the verdict was rendered * * * to the time of entering judgment * * *." The sum of money awarded by the verdict was $40,000. This award was nullified by the order of the court at Trial Term when the verdict was set aside upon the ground that the award was for excessive damages. The operative feature of the order was suspended for a brief time to give plaintiff opportunity to avoid a new trial by accepting a lesser sum of money as and for the amount of her damages. The court was without power to direct any reduction of the award made by the verdict. (Thus the reference in our order of March 14,

1945, to the "verdict as reduced", folio 24 and elsewhere, was technically inaccurate.) Had plaintiff availed herself of the opportunity to accept the lesser sum stated by the trial court then a new appraisal of her damages would in effect have thereby been arrived at, and the amount thereof would have become liquidated in the sense that the prior uncertainty in the amount would have thus been fixed and determined. (*Kennedy* v. *County of Queens*, 47 App. Div. 250, 261; Bouvier's Law Dictionary [Rawle's 3d Revision], p. 2026.) Such was not done and so the order setting aside the verdict went into effect. The sum of money which had been awarded by the verdict never thereafter went into judgment. On plaintiff's appeal naught was changed as regards the verdict in its award of a sum of money. The order setting it aside was affirmed but the opportunity to accept the lesser sum which had been named was again extended to the plaintiff for a limited time. Of course the appellate court was as powerless as the trial court to reduce the sum the verdict awarded. Thus when plaintiff finally accepted the lesser sum such was the equivalent of a new and final appraisal of her damages and, in one sense of the word, a liquidation of their amount in terms of money. Upon and for that liquidated sum final judgment was rendered and entered, and not upon any sum awarded by the verdict. Thus the right to interest upon an award by verdict never accrued. The interest which the statute allows, it states, shall be "upon the total amount awarded" by the verdict. Here the prescribed basis for such allowance does not exist. Plaintiff did not have judgment for any sum awarded by a verdict as a consequence of the liquidation of her damages. Until she filed her stipulation there never was a time when defendants knew and could pay what they owed. (*Faber* v. *City of New York*, 222 N. Y. 255, 262.)

I report for affirmance, without costs.

Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur in decision; Brewster, J., dissents in a memorandum.

Interest should be computed from the date of the verdict and added to the damages contained in the judgment. [See *post*, p. 1054.]