ANNA FELDMAN, as Executrix of MAX FELDMAN, Deceased, Appellant, v. IRVING BRODSKY, Respondent.

First Department, February 16, 1961.

*Fred I. Sonnenfeld* of counsel (*David Fisher* with him on the brief; *David Fisher,* attorney), for appellant.

*Monroe Goldwater* of counsel (*Bernard Katz* with him on the brief; *Goldwater & Flynn,* attorneys), for respondent.

BERGAN, J. In this action for breach of warranty and misrepresentation and for specific performance of a contract for the purchase and sale of corporate stock, a temporary injunction was entered against defendant restraining disposition of the stock during the pendency of the action on condition that $180,000, the balance which would be due to defendant under the contract, be deposited in escrow with a bank.

After trial on the merits, the court on June 4, 1957 directed judgment of $58,544.33 for plaintiff with interest from December 1, 1955, the closing date under the contract, dismissed a counterclaim interposed by defendant, and directed payment to the plaintiff out of the deposit which had been made as a condition of the temporary injunction.

The judgment also directed that the balance of the fund of $180,000 be paid to defendant. In terms, the judgment provided that the depositary " shall pay the entire balance of said deposit with bank interest accrued thereon to defendant, Irving Brodsky, in full payment of the balance of the purchase price " of the stock in question.

Both sides appealed to this court from the judgment of June 4, 1957, which was affirmed (4 A D 2d 1035). Plaintiff only appealed to the Court of Appeals where the judgment was affirmed (6 N Y 2d 966) and motion for reargument denied (7 N Y 2d 941).

The single question now before the court is whether defendant is entitled to interest at the legal rate on the judgment, from February 26, 1958, the date of the entry of the order of affirmance in this court, to December 30, 1959, the date of the entry of the order in the Court of Appeals denying plaintiff's application for reargument.

The amount of interest thus in dispute is $13,276.46. From the time of entry of the order of affirmance in this court the defendant no longer was an appellant in respect of the judgment; from the time of the finality given to the litigation by the denial of the plaintiff's motion to reargue in the Court of Appeals, the right to interest is not in dispute.

The court at Special Term made directions that interest be paid to the defendant on the judgment during the period in dispute, and although these directions went to the depositary of the fund, this fact does not change the nature of the problem, since the order essentially is a direction that legal interest be added to the judgment in favor of the defendant against the plaintiff for the balance due under the contract; and the result is quite the same whether the interest is deducted from the amount on deposit coming to the plaintiff or whether an execution issue in the usual course of law. We are of opinion that the decision at Special Term is the correct one.

It is very clear that the judgment in favor of the defendant entered June 4, 1957 is a judgment rendered in a court of record " directing the payment of money " within the literal language of section 481 of the Civil Practice Act. That is the way the judgment reads; and that is exactly what the judgment did.

Such a judgment, so runs the statute, " bears interest from the time when it is entered ". This is not interest on the deposit of money with a stakeholder; or interest on the underlying debt. This is something quite different. It is " a judgment " which " bears interest " beginning at a specified time.

And in the ordinary course of practice the judgment bears interest until the party against whom it is entered satisfies it. If both sides sit still, the interest goes on from the date of its entry. The basic scheme of the statute, as far as interest borne by a judgment is concerned, is that if the party charged wants to stop interest, he satisfies the judgment.

It is thoroughly well settled in New York that the statutory imposition of interest on a judgment is not a matter of contract, but is the result of public policy. (*O'Brien* v. *Young,* 95 N. Y. 428.) In a close analysis of the basic nature of interest upon a judgment, Judge EARL noted (pp. 433–434): " Here, then, the defendant did not in fact contract or promise to pay this judgment, or the interest thereon. The law made it his duty to pay the interest, and implied a promise that he would pay it. That duty is discharged by paying such interest as the law, during the time of default in paying the principal sum, prescribed at the legal rate."

That this right is enforcible literally is to be seen in *Dunford* v. *Weaver* (84 N. Y. 445) in which the extent of the liability of a Sheriff on the escape of a defendant from jail liberties for interest on the underlying judgment was examined; and it was held that he took that liability along with liability for the principal sum of the judgment.

In words of close precision, Chief Judge FOLGER said that "Every judgment shall bear interest from the time of perfecting the same * * * This means, every determination of a court awarding a sum of money to one party, to be paid by another party" (p. 453). That the liability for interest on the judgment is quite distinct from liability before judgment is illustrated in *Van Bel Co.* v. *Board of Educ.* (241 App. Div. 609) where the defendant Board of Education was charged with interest after, but not before, the entry of judgment.

The holder of the judgment may be estopped by equitable considerations, or by his own acts, from enforcing the interest which the statute gives him. But the cases which lay down this rule rest on principles of estoppel which are closely prescribed in scope and which ought not be applied to the defendant in this case during the period here in dispute.

One is by a tender from the judgment debtor which does not result in a satisfaction of the judgment because the judgment creditor refuses it; the other is the payment of a special deposit into court, recourse to which is absolute on the occurrence of a condition and which may be treated in the nature of a satisfaction. Judge DORE, writing in *Moscow Fire Ins. Co.* v. *Heckscher & Gottlieb* (260 App. Div. 646), was of opinion these were the main exceptions.

The decision in *Wheelock* v. *Tanner* (39 N. Y. 481) which is occasionally cited, did not involve interest on a judgment, but turned on the result of a tender of performance of a contract. What was actually before the court and decided in *Moscow Fire Insurance* was that the directions of section 481 of the Civil Practice Act did not require interest on a judgment where the debtor is restrained from payment by an injunction not caused by the debtor's act or omission.

The general direction of decisional law has been quite consistent with the public policy to which the statute gives articulation. In *Persons* v. *Gardner* (122 App. Div. 167) it was decided that where parties deposit under stipulation a sum of money payable under a judgment during the pendency of an appeal to be repaid if the final judgment goes in their favor, the deposit is not a tender and not a payment of the judgment, and the prevailing party on affirmance is entitled to the difference between the legal interest and the bank interest. ROBSON, J., observed "That the owner of this judgment is entitled to insist on receiving interest at the rate of six per cent thereon, unless the right thereto is affected or modified by some fact or consideration, not appearing in the judgment itself, is clear" (p. 170). See, also,

generally the discussion of the subject in *Brady* v. *Mayor* (14 App. Div. 152).

The plaintiff argues here that on the affirmance of the judgment by this court by the order entered February 26, 1958 the stays which had theretofore been outstanding in this court came to an end; and nothing stood in the way of the enforcement of the judgment by the defendant, i.e., a demand ought to have been made by defendant on the depositary bank; and if payment was not made, application should have been made by defendant to the court to require the depositary to pay.

But an estoppel did not arise because the defendant did nothing while the plaintiff pursued the appeal to the Court of Appeals. Interest is not cut off by the statute because the judgment is not enforced. Interest may be cut off because of some action by the judgment creditor which would make it inequitable or oppressive that he get interest on his judgment, e.g., his refusal to accept a tender, and perhaps, as the Special Term held as to part of the interest not disputed here, by himself taking an appeal.

Moreover, the suggestions of the plaintiff now as to how the defendant might have gone about demanding or getting the money directed by the judgment to be paid seem to us illusory. It is said that demand might have been made on the depositary. But refusal would have been inevitable. The order under which the deposit had been made directs the injunction against defendant continue "until the termination of this action or the further order of the court" and while plaintiff pursued her further appellate procedures, the action was not terminated and application of the court for payment of the judgment would quite possibly, if not probably, have been denied.

Defendant was not obligated, at the risk of losing what the statute provides he shall have, to pursue so uncertain a course as that now suggested by plaintiff; if, indeed, he was obligated to do anything. The point that the issue ought not to have been disposed of by motion was not raised below, or here, by appellant; and, indeed, appellant herself cross-moved for certain directions in respect of the judgment. Application to the court to settle the question of interest seems a reasonable procedure.

The order should be affirmed, with $20 costs and disbursements.

STEVENS and EAGER, JJ. (dissenting). We dissent. In our opinion the charging against plaintiff and the allowance to defendant of post-judgment interest of $13,276.46 covering

period from February 26, 1958 to December 30, 1959 was improper, and the order appealed from should be accordingly modified.

The judgment here provided that an escrow agent (a bank) holding on deposit the sum of $180,000 should pay plaintiff therefrom $58,544.33, together with interest thereon at 6% from a certain date, in full payment and satisfaction of damages awarded to plaintiff in the action and that it "shall pay the entire balance of said deposit with bank interest accrued thereon to defendant, Irving Brodsky, in full payment of the balance of the purchase price of" certain stock. The post-judgment interest now awarded to the defendant is interest on the portion of the sum payable to the defendant for the period representing plaintiff's unsuccessful appeal to the Court of Appeals. We are of the opinion that the allowance of this interest was improper upon the grounds:

*First*, such allowance in effect constituted an unauthorized modification of the judgment herein which was affirmed by this court and by the Court of Appeals. It does in effect modify such judgment in that it has the effect of deducting the amount of such interest, to wit, $13,276.46, from the amount payable under the terms of the judgment to plaintiff and adding the same to the amount payable thereunder to the defendant. It is to be noted that, under the judgment, the only interest that the defendant was entitled to receive was "the bank interest accrued" upon the deposit held by the escrow agent; and it appears that the deposit earned no interest during the period for which interest is allowed.

*Second*, the order of the court herein providing for the depositing of the sum of $180,000 with the bank as escrow agent had the effect of holding up the payment of the money without right of either party thereto pending the termination of the action or the further order of the court. Thereafter, judgment in the action had the effect of modifying the order to entitle the parties to receive the sum in accordance with the directions of the judgment. There were cross appeals to the Appellate Division and as the learned court below held, the payment over of the deposit as provided for in the judgment was suspended until February 26, 1958, when the judgment was affirmed by the Appellate Division. Thereafter, there was no restraint upon the right of the defendant to have the sum directed by the judgment to be paid to him out of the deposit. It was at least incumbent upon the defendant to make demand for such money. It may not be speculated that the escrowee, absent the existence of any restraint upon it, would have refused payment. We should not,

upon such speculation, award interest at the expense of the plaintiff.

*Third*, and in any event, there was no authority for the allowance of the interest upon motion. Clearly, the recovery of interest upon a judgment by means of a motion in the action may not be had upon mere equitable grounds and would be proper only where specifically authorized by statute. In our opinion, section 481 of Civil Practice Act does not apply where, as here, the judgment is one directing the payment over of a sum of money by an escrow agent.

BOTEIN, P. J., and VALENTE, J., concur with BERGAN, J.; STEVENS and EAGER, JJ., dissent in opinion.

Order, entered on June 28, 1960, as directed the depositary bank to pay to the defendant statutory interest for the period February 26, 1958 to December 30, 1959 on the judgment entered June 4, 1957, affirmed, with $20 costs and disbursements to the respondent.