■ JO-ANN POLLOCK et al., Individually and as Administrators of the Estate of MATHEW POLLOCK, Deceased, Respondents, v BONNIE F. COLLIPP et al., Appellants.—In a negligence action to recover, *inter alia,* for the wrongful death of an infant and for his conscious pain and suffering, the defendants appeal, as limited by their brief, from so much of a "further amended order and judgment" (one paper) of the Supreme Court, Nassau County (Kelly, J.), entered December 16, 1986, as awarded postverdict interest on the award and as calculated interest on the judgment from April 25, 1985, the date the original judgment of the same court was entered.

Ordered that the further amended order and judgment is affirmed, with costs.

Pursuant to statute, the plaintiffs were entitled to interest on the amount of their recovery, both postverdict (CPLR 5002) and following entry of judgment (CPLR 5003). The fact that they took a cross appeal from a different aspect of the judgment did not constitute the type of inequitable conduct which would estop them from claiming interest for the period during which the cross appeals were pending *(see, Feldman v Brodsky,* 12 AD2d 347, 350-351, *affd* 11 NY2d 692; *Stever v Associated Transp.,* 270 App Div 956, *affd* 296 NY 674; *Lanni v*

*Spallina,* 39 Misc 2d 639). There was no conduct by the plaintiffs during the pendency of the cross appeals which prevented the defendants from satisfying the judgment awarding damages for conscious pain and suffering and, therefore, the plaintiffs should not be barred from recovering interest from the date of the original verdict and from the date of the original judgment (CPLR 5002, 5003; *Cooperman v Ferrentino,* 38 AD2d 945). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.