OPINION OF THE COURT
Arthur W. Lonschein, J.
In this action for injuries to a child, a settlement was reached in November 1987, but has not yet been fully paid. The plaintiff now moves for the imposition of interest, punitive damages, and counsel fees. For the reasons stated below, interest is warranted, but punitive damages and counsel fees are not.
An infant’s compromise order was not presented until May 1988, and was signed on June 16, 1988. This order provided, inter alia, for the payment of $75,000 "to Louise Roach to be *136 used for the sole use and benefit of the infant plaintiff, Janine Rivera,” and for the payment of $25,000 "to Louise Roach as the parent and natural guardian of the infant plaintiff jointly with an officer of the Astoria Federal Savings & Loan Ass’n.” The balance of the compromise order approved a structured settlement, whereby certain annuities were to be purchased from the Metropolitan Life Insurance Company.
On June 21, 1988, the parties and the defendant’s insurers entered into a "Settlement Agreement and Release”, which was intended to be a vehicle for the implementation of the compromise order. This instrument included a general release by "Janine Rivera, an infant under the age of 14 years, by her mother and natural guardian, Louise Roach, and Louise Roach, Individually”, who were described together as "Plaintiff”. It further included an agreement to a "qualified assignment” to Metropolitan Insurance and Annuity Company of the defendant’s obligation to make the payments called for under the structured settlement. This agreement was apparently prepared on defendant’s behalf by counsel for one of its insurers.
The language of the settlement agreement varied in some respects from the language of the compromise order. The $75,000 check was payable to "Louise Roach for use and benefit of the infant, Janine Rivera”, instead of for her "sole” use and benefit, and the $25,000 check was to be payable to "Louise Roach jointly which an officer of the Astoria Federal Savings and Loan Ass’n”, instead of to Louise Roach "as parent and natural guardian”.
These discrepancies were, of course, minor and could not provide any basis for issuing checks other than as directed by the compromise order.
The defendant refused to issue any checks for the $100,000 unless the plaintiff signed an amended settlement agreement, strictly conforming to the compromise order. The plaintiff, through counsel, expressed a willingness to sign the amended agreement, but insisted on being paid interest unless the checks were issued promptly. This was in August of 1988.
The matter apparently stood at an impasse until November 9, 1988, when plaintiff’s counsel sent the executed amended settlement agreement to defendant’s counsel.
There was a further delay of a month while the amended settlement agreement was circulated among the defendant’s excess insurance carriers. After this had been done, in Decern *137 ber 1988, the defendant for the first time decided that it required a separate release from Louise Roach individually, in the amount of $1, before it would issue any checks on the settlement. The separate release has not been executed by Louise Roach, and the checks have still not been issued, nearly a year after the compromise was approved.
The plaintiff now moves for interest on the $100,000, punitive damages, and counsel fees.*
CPLR 5003 provides that judgments and orders directing the payment of money bear interest from the time of entry. Interest here is to serve "as a penalty for delayed payment” (Rochester Carting Co. v Levitt, 36 NY2d 264, 268). The party entitled to collect on the judgment or order is also entitled to the interest on account of delayed payment, unless he himself caused the delay in payment and is thereby estopped from claiming the interest (Pollock v Collipp, 138 AD2d 584; Juracka v Ferrara, 120 AD2d 822).
Here, the delay in payment has been entirely caused by the defendant. Neither the trivial discrepancies between the original agreement and the compromise order, nor Louise Roach’s failure to execute a separate release, constitute a valid reason for failing to pay out the sums agreed upon. It was the defendant or its agent who prepared the original agreement, and any fault for the discrepancies must fall upon the defendant.
While it would have been more practical for the plaintiff to have signed the amended settlement agreement immediately, without demanding interest, she was within her rights to demand it, and the resultant delay must be laid to the defendant and not the plaintiff.
If the defendant wished to stop the accrual of interest at that point, or to prevent what it wrongly saw as unwarranted risk, its remedy was to move for appropriate relief. Instead, defendant tried to stare down the plaintiff over the question of interest. While the plaintiff eventually signed the, amended agreement, she did so without waiving her interest claim.
Even then, the defendant failed to move promptly, and still refuses to pay, giving as an excuse the wholly spurious issue *138 of the separate release. The prefatory paragraph of both the original and amended settlement agreement includes "Louise Roach, individually” within the term "Plaintiff”. Thus, the release clause necessarily also releases any claims by Louise Roach as an individual. It should also be remarked that this argument was not advanced until well after the plaintiff had signed not one, but two agreements drafted by the defendant. It therefore has all the appearance of being an excuse, and not a bona fide reason for the defendant’s delay.
The plaintiff also asks for punitive damages. As a governmental authority, the defendant is not subject to such damages (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382). Even if it were, however, punitive damages would not be warranted. The punitive function has already been served by the imposition of interest, as noted above. As to counsel fees, the plaintiff has cited no basis for their imposition, and in any event they are expressly ruled out by the settlement agreements.
Accordingly, the defendant is directed to pay the sums at issue, as directed by the compromise order, together with interest at 9% from the date of entry of the compromise order, within 20 days from the service upon it of the order to be entered hereon, and plaintiff shall have judgment therefor.

 The parties have concentrated entirely on the $100,000 made up of the $25,000 use-and-benefit payment and the $75,000 joint deposit. The court therefore assumes that the other payments, especially the annuity purchase, have been made. If this is not correct, the parties are directed to so inform the court at the time of settlement of the order to be entered hereon.