■ In the Matter of DEIRDRE S. VENABLES, Appellant, v PAINEWEBBER, INC., Respondent. [613 NYS2d 441] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from so much of a resettled judgment of the Supreme Court, Suffolk County (Tannenbaum, J.), entered August 31, 1992, as (1) calculated pre-award interest to the petitioner as "simple" (i.e., non-compounded) interest, and (2) denied post-award interest after September 21, 1991.

Ordered that the resettled judgment is affirmed insofar as appealed from, with costs.

In the arbitration, the petitioner, a former account executive for the respondent, who was accused by the respondent of committing trade errors, counterclaimed to recover damages for the value of her brokerage account, gifts earned but not delivered, and commissions. The petitioner claims that upon confirmation of the award, and after a series of motions by both parties to resettle and clarify the orders and judgment of the Supreme Court, the Supreme Court improperly deprived her of pre-award interest calculated yearly at a compound rate, in derogation of the arbitration panel's decision. The arbitration award provided, simply, for damages "plus interest at 9% per annum". However, when the petitioner questioned the meaning of "per annum", the arbitration administrator "clarified" the meaning as "compounded yearly" in a memorandum which was neither subscribed by nor acknowledged by the arbitration panel, which was, in any case, no longer convened for purposes of arbitrating this matter. The Supreme Court ordered that the award be confirmed exactly as stated in the decision, using the language "plus interest at 9% per annum", without further clarification. Nevertheless, in preparing a judgment, the petitioner included the additional language "compounded yearly", thus creating a discrepancy between the court's order and the judgment entered thereafter.

Thereafter, upon the respondent's motion, a resettled judgment was entered, which eliminated the "compounded yearly" language.

It is well settled that a court may interpret the language used by arbitrators *(see, Board of Educ. v Farmingdale Fedn.*

*of Teachers,* 92 AD2d 599, 601). Further, CPLR 5015 and 5019 provide that the Supreme Court has the authority to correct or modify a judgment which contains a mistake. In granting the respondent's motion to clarify and resettle the judgment, to eliminate the "compounded yearly" language, the Supreme Court was merely correcting a judgment to conform to the language of the award.

Moreover, the court did not act improperly by interpreting the "per annum" language of the arbitration award to mean simple interest, rather than interest compounded yearly, in spite of the arbitration administrator's memorandum to the parties. Pursuant to CPLR 7509, the memorandum was not a proper modification of the arbitration award, nor was it signed and acknowledged as required.

The petitioner further contends that the Supreme Court improperly terminated post-award interest in contravention of CPLR 5002. The record indicates that while the petitioner accepted from the respondent the moneys which had been frozen in her brokerage account pending the outcome of the arbitration, she disputed that such funds should be included as part of the damages award. However, the paragraph in the arbitration award entitled "Relief Requested" indicates that the petitioner sought damages, in part, for the value of the brokerage account. Therefore, she may not now claim that recovery of the sums in the account is not recovery of a portion of the damages awarded to her, and it would be inequitable to permit her to recover additional post-award interest after the date in which the respondent tendered an amount which would have fully satisfied the remainder of the award *(see, Feldman v Brodsky,* 12 AD2d 347, *affd* 11 NY2d 692; *see also, Consolidated Mut. Ins. Co. v Rogers,* 69 Misc 2d 10). Bracken, J. P., Miller, Copertino and Hart, JJ., concur.