■ ERHAL HOLDING CORP., Appellant, v RICHARD RUSIN et al., Respondents. [675 NYS2d 138] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered July 29, 1997, which, *inter alia,* denied its motion to direct the defendants to pay postjudgment interest.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In an order dated November 13, 1995, the Supreme Court determined that the plaintiff, ERHAL Holding Corp. (hereinafter ERHAL), was entitled to recover the sum of $39,947.52 from the defendants in full satisfaction of a judgment of foreclosure and the underlying mortgage. The order required the defendants to "tender such sum within ten (10) days from the date of service of a copy of this Order with notice of entry". The order did not provide for the payment of post-judgment interest and ERHAL did not move to amend the order or object on that ground when it appealed from the order. Moreover, ERHAL took several actions which prevented the defendants from making the payment until December 13, 1996. ERHAL delayed the service of the requisite notice of entry, moved for a stay pending appeal, and interfered with the defendants' attempts to satisfy the judgment on two occasions. After this Court affirmed the order (see, *ERHAL Holding Corp. v Rusin,* 229 AD2d 417), the defendants deposited the sum of $39,947.52, plus the requisite fees, with the court.

Contrary to ERHAL's contention, CPLR 5003, which provides that "[e]very money judgment shall bear interest from the date of its entry", does not compel the payment of postjudgment interest in this case. It is well settled that postjudgment interest is awarded as a penalty for the delayed payment of a judgment (see, *Matter of Rochester Carting Co. v Levitt,* 36 NY2d 264, 268). However, where, as here, the delay was caused solely by the plaintiff, the defendants should not suffer the "penalty" of paying interest pursuant to CPLR 5003 (see, *Juracka v Ferrara,* 120 AD2d 822, 824; *Ariola v Petro Trucking Corp.,* 50 Misc 2d 216, 217-218). Thus, the Supreme Court properly determined that since the delay was not caused by the defendants' acts or omissions, they should not be held liable for postjudgment interest. Ritter, J. P., Santucci, Joy and Florio, JJ., concur.