■ Barbara Purpura, Respondent-Appellant, v Nicholas E. Purpura, Appellant-Respondent. [691 NYS2d 68] —In a matrimonial action in which the parties were divorced by judgment entered September 14, 1990, the defendant appeals from (1) so much of an order of the Supreme Court, Kings County (Marrero, J.), dated May 5, 1997, as granted that branch of the plaintiff's cross motion which was to confirm so much of a report of a Judicial Hearing Officer (Sacks, J.H.O.), dated July 18, 1996, as found that the plaintiff was entitled to recover from the defendant 9% interest on certain Bear, Stearns & Company stock dividends and denied those branches of his motion which were to reject the report as procedurally deficient, or, to deny the plaintiff any award of interest on either the Bear, Stearns & Company stock dividends or the plaintiff's distributive award, (2) a judgment of the Supreme Court, Kings County (Marrero, J.), dated July 31, 1997, which awarded the plaintiff interest on the distributive award, and (3) so much of

a judgment of the same court, also dated July 31, 1997, as awarded the plaintiff interest on the Bear, Stearns & Company stock dividends, and the plaintiff cross-appeals from so much of the judgment awarding her interest on the distributive award as failed to award her the statutory rate of interest. The plaintiff's notice of cross appeal from the order dated May 5, 1997, is deemed to be a premature notice of cross appeal from the judgment dated July 31, 1997, awarding her interest on the distributive award.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment dated July 31, 1997, awarding the plaintiff interest on the Bear, Stearns & Company stock dividends is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated July 31, 1997, awarding the plaintiff interest on the distributive award is reversed, on the law, and the matter is remitted for further proceedings in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see,* CPLR 5501 [a] [1]).

The parties were divorced by judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), entered September 14, 1990, which was amended by, *inter alia,* an order of the same court dated January 31, 1991. The judgment, as amended, provided, among other things, that the plaintiff was entitled to 35% of the value of certain property received by the defendant from Bear, Stearns & Company. In order to obtain a stay of enforcement of the judgment and the order pending appeals therefrom, the defendant gave an undertaking in the amount of $571,556.66, representing the plaintiff's distributive award, and placed 31,733 shares of Bear, Stearns & Company stock in escrow.

By decision and order dated May 24, 1993 (*Purpura v Purpura,* 193 AD2d 793), this Court, upon the defendant's appeal and the plaintiff's cross appeal, *inter alia,* affirmed the judgment and the order dated January 31, 1991, and modified an order of the same court entered August 13, 1991, to provide that the defendant's undertaking be reduced by $140,292, on

the ground that the defendant was entitled to a credit in that amount against the distributive award for the plaintiff's proportionate share of tax liabilities borne by the defendant upon the marital properties.

The plaintiff then moved pursuant to CPLR 2606, *inter alia*, to direct the defendant to pay interest to her on the net distributive award and on dividends which had been paid on certain shares of the Bear, Stearns & Company stock released from escrow to the defendant. The Supreme Court, Richmond County (Sacks, J.H.O.), held that the plaintiff was entitled to recover, among other things, interest at the statutory rate of 9% on both the distributive award and the dividends. The defendant moved to reject the report and the plaintiff cross-moved to confirm the report. The Supreme Court, Kings County (Marrero, J.), in an order dated May 5, 1997, rejected the finding of the Judicial Hearing Officer that the plaintiff was entitled to interest at the statutory rate on the distributive award and held that the plaintiff was only entitled to the interest actually earned on the distributive award, minus administrative expenses. The Supreme Court also held that the plaintiff was entitled to receive 9% interest on the Bear, Stearns & Company stock dividends.

By law, interest was accruing on the plaintiff's distributive award at the statutory rate of 9% (*see,* CPLR 5004, 5003). The accrual of this interest was not tolled when the defendant posted an undertaking in order to secure a stay pending appeal (*see,* CPLR 5519 [a]). There is no statutory exemption of interest for money placed in escrow in order to obtain a stay of execution of the judgment pending appeal (*see,* CPLR 5519; *see also, Persons v Gardner,* 122 App Div 167, 170-171; *Steinback v Diepenbrock,* 5 App Div 208, 211-212). Hence, in the absence of a tender or payment of a special deposit (*see, Meilak v Atlantic Cement Co.,* 30 AD2d 254, 256; *Moscow Fire Ins. Co. v Hecksher & Gottlieb,* 260 App Div 646, 651, *affd* 285 NY 674), interest on a money judgment continues to accrue at the statutory rate until the judgment is satisfied, barring any inequitable or dilatory conduct on the part of the judgment creditor (*see, ERHAL Holding Corp. v Rusin,* 252 AD2d 473; *Feldman v Brodsky,* 12 AD2d 347, 349-351, *affd* 11 NY2d 692). Here, notwithstanding that the plaintiff also cross-appealed from the original judgment and subsequent orders in an attempt to receive a greater equitable distribution, she is still entitled to earn interest upon the moneys which were awarded to her and affirmed on appeal (*cf., Pollock v Collipp,* 138 AD2d 584).

Although the plaintiff is entitled to recover postjudgment

interest, she may not recover interest on that portion of the defendant's undertaking which exceeded her net distributive award. Accordingly, the plaintiff shall recover from the defendant the difference between the interest which accrued upon the distributive award and the 9% simple interest she was entitled to recover thereon. Interest shall be calculated on the sum of $431,264.66 (representing $571,556.66 [the amount awarded by the Supreme Court as the distributive award] minus $140,292 [the amount that this Court determined the defendant to be entitled as a credit against the distributive award for the plaintiff's proportionate share of tax liabilities borne by him upon the marital properties]) and shall be computed for the period January 31, 1991 (the date that the Supreme Court made the distributive award), through May 22, 1995 (the date the Commissioner of Finance paid the plaintiff $490,357.21 from the funds that the defendant had deposited).

Contrary to the defendant's contentions, the plaintiff was properly awarded interest on the refund the defendant owed her of certain dividends, which dividends had been earned on shares awarded to the plaintiff but released to the defendant "on a 'without prejudice basis'" pending appellate determination of the ownership of the disputed shares.

The defendant's remaining contentions are without merit.

Therefore, we remit the matter for the computation of the moneys due the plaintiff, a disposition of the money remaining on deposit with the Commissioner, and the entry of appropriate order(s) thereon. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.