■ VICTOR LIBERATORE, SR., et al., Appellants, v OLIVIERI DEVELOPMENT et al., Respondents. (Action No. 1.) OLIVIERI & SONS, INC., et al., Plaintiffs, v VICTOR LIBERATORE, SR., et al., Defendants. (Action No. 2.) [757 NYS2d 419] —Appeal from an order of Erie County Court (Drury, J.), entered July 19, 2002, which modified the prior judgment (denominated order) entered June 26, 2000 by tolling the accrual of postjudgment interest on the amount of the judgment until the later of May 3, 2002 or the resolution of this appeal.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by deleting the first three ordering paragraphs thereof and denying the motion of defendants Olivieri Development, Darryl Olivieri and Glen Olivieri insofar as it seeks the tolling of postjudgment interest and as modified the order is affirmed without costs.

Memorandum: Victor Liberatore, Sr., and Victor Liberatore, Jr. (plaintiffs) appeal from an order of County Court entered July 19, 2002 that granted the motion of Olivieri Development, Darryl Olivieri and Glen Olivieri (defendants) seeking, inter alia, to modify the judgment (denominated order) entered June 26, 2000 by tolling the accrual of postjudgment interest on the amount of the judgment until the later of May 3, 2002 or the resolution of this appeal. We agree with plaintiffs that the court erred in tolling postjudgment interest, which had been granted in the judgment entered June 26, 2000. Postjudgment interest is awarded as a penalty for delayed payment on a judgment (*see Matter of Rochester Carting Co. v Levitt*, 36 NY2d 264, 268 [1975]), and it will continue to accrue absent an unconditional tender of payment (*see Michaels v United States Tennis Assn.*, 295 AD2d 222 [2002]; *Meiselman v Allstate Ins. Co.*, 197 AD2d 561, 561-562 [1993]), some judicial or extraordinary impediment to tender of payment (*see Moscow Fire Ins. Co. of Moscow v Heckscher & Gottlieb*, 260 App Div 646, 650 [1940], *affd* 285 NY 674 [1941]), dilatory action on the part of the judgment creditor (*see ERHAL Holding Corp. v Rusin*, 252 AD2d 473, 474 [1998]; *Juracka v Ferrara*, 120 AD2d 822, 823-824 [1986], *lv denied* 68 NY2d 608 [1986]), or some action by the judgment creditor that would make it "inequitable or oppressive that he get interest on his judgment" (*Feldman v*

*Brodsky*, 12 AD2d 347, 351 [1961], *affd* 11 NY2d 692 [1962]). The hearsay affidavits of defendants' attorney did not establish that any of the above grounds for tolling interest apply to this case (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Contrary to defendants' contention, the fact that plaintiffs appealed the judgment entered June 26, 2000 (*Liberatore v Olivieri Dev.*, 294 AD2d 894 [2002]) and requested and received several extensions to perfect that appeal is not conduct warranting the tolling of postjudgment interest (*cf. Feldman*, 12 AD2d at 351; *see generally Pollock v Collipp*, 138 AD2d 584 [1988]). Therefore, we modify the order by deleting the first three ordering paragraphs thereof and denying defendants' motion insofar as it seeks the tolling of postjudgment interest. Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.