■ In the Matter of MATRA BUILDING CORP., Respondent, v ALAN KUCKER et al., Appellants. [796 NYS2d 709]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered September 10, 2004, as granted that branch of the petitioner's motion which was for a determination that interest on a judgment entered in favor of the petitioner and against Alan Kucker and Sharon Kucker on November 1, 2002, shall accrue until payment of an undertaking posted with the Westchester County Clerk and/or the Commissioner of the Westchester County Department of Finance.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 5003 provides that "[e]very money judgment shall bear interest from the date of its entry" (*see Pollock v Collipp*, 138 AD2d 584 [1988]; *see also Felix v Herby Realty Corp.*, 287 AD2d 683 [2001]). The statute does not explicitly dictate when interest ceases to accrue, but generally "[o]nce a money claim has been reduced to judgment, it carries interest until it is paid" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5003; *see Liberatore v Olivieri Dev.*, 303 AD2d 954 [2003]; *Feldman v Brodsky*, 12 AD2d 347 [1961], *affd* 11 NY2d 692 [1962]). Equitable considerations may result in an estoppel which can toll the accrual of interest (*see ERHAL Holding Corp. v Rusin*, 252 AD2d 473, 474 [1998]; *Matter of Venables v Painewebber, Inc.*, 205 AD2d 788 [1994]; *Meiselman v Allstate Ins. Co.*, 197 AD2d 561 [1993]). Contrary to the appellants' contentions, under the facts of this case (*see Matter of Matra Bldg. Corp. v Kucker*, 2 AD3d 732 [2003]), the petitioner was not guilty of dilatory conduct in the collection of the undertaking posted by the appellants. Thus, interest on the judgment entered November 1, 2002, in this case, should continue to accrue until the judgment is fully paid (*see Purpura v Purpura*, 261 AD2d 595 [1999]).

We reject the petitioner's contention that this appeal is frivolous, warranting the imposition of costs and a sanction against the appellants. Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.