OPINION OF THE COURT
Abraham G. Gergbs, J.
In this eminent domain proceeding, claimant Malba Cove Properties, Inc. moves for an order: (1) precluding the City of New York from making a payment into the court or, in the alternative, (2) declaring that the final award has not yet been made available and continues to earn interest at the rate provided in the final decree.
Facts and Procedural Background
The City acquired title to the subject property on February 29, 1996. On November 25, 2002, an advance payment in the amount of $880,000, plus interest, was authorized. On November 18, 2005, the City authorized an additional advance payment of $10,000, plus interest.
Following a four-day trial in July 2006, by decision dated February 15, 2007, this court valued the property at $9,067,480. A final decree dated June 7, 2007 provided that interest on the award would be paid at the rate of 6% compounded annually from the date of vesting to the date that the payment becomes available. Claimant served a copy of the final decree with notice of entry on June 13, 2007. On June 27, 2007, claimant received a letter from the City stating that it was depositing two checks with the court, i.e., one for $8,177,880, representing the principal due, less the advance payment of $890,000, and one for $7,649,854.71, representing the interest due; it appears that the checks have been deposited.[1] On June 29, 2007, claimant received a copy of the City’s notice of appeal.
The Parties’ Arguments
The Parties’ Contentions
In support of its motion, claimant argues that the City’s action in depositing money with the court appears to be an attempt to improperly stop the running of interest on the condemnation award pending its appeal on the ground that the award is excessive and that interest should not be compounded *717 annually. Accordingly, claimant seeks an order declaring that the final award has not yet been made available, so that interest continues to accrue. In so arguing, claimant contends that the only provision of law that addresses the issue of whether a condemnor may deposit money with the court is Eminent Domain Procedure Law § 304 (D), which applies solely to advance payments. Claimant accordingly concludes that there is no legal support for the City’s attempt to stop the accrual of interest. Claimant further avers that inasmuch as it was the City who chose to make an advance payment of only $890,000, which is claimed to be 918% less than the award after trial, and because there has been an 11-year delay for claimant in obtaining payment, it would be inequitable to allow the City to further delay final resolution of the matter by appealing the decision, while at the same time, stopping the accrual of interest.
In opposition, the City argues that the money was deposited with the court “in order to prevent the City’s taxpayers from being penalized at the rate of over $40,000 per month for the exercise of the right to appeal,” since simple interest on the award totals that amount. The City further avers that it chose not to pay the money to claimant since it may not be able to recover the funds if the award is reduced on appeal. Accordingly, the City argues that claimant’s motion should be denied on the ground that the granting of the relief sought could be inequitable.
The Law
It is well settled that a property owner must be paid just and fair compensation for any property taken by exercise of the power of eminent domain (Matter of County of Suffolk v Kalimnios, 275 AD2d 455, 455 [2000], citing Yaphank Dev. Co. v County of Suffolk, 203 AD2d 280 [1994]; see also Zappavigna v State of New York, 186 AD2d 557 [1992]). In discussing the award of interest, it has been held that “in condemnation proceedings the constitutional requirement of just compensation necessarily includes a sum in addition to the bare value of the property to account for the delay between the taking and the ultimate payment to the property owner” (Matter of City of New York [Brookfield Refrig. Corp. — Zoloto], 58 NY2d 532, 536-537 [1983], citing Jacobs v United States, 290 US 13 [1933]; City of Buffalo v Clement Co., 28 NY2d 241, 265-266 [1971], rearg denied 29 NY2d 640 [1971], rearg denied 29 NY2d 649 [1971]; Matter of City of New York, 284 NY 48, 54-55 [1940], *718 affd sub nom. A. F. & G. Realty Corp. v City of New York, 313 US 540 [1941]; US Const 5th Amend; NY Const, art I, § 7; accord City of Ithaca v Ray, 35 AD2d 625, 626 [1970] [once a municipality takes possession of property, it is indebted to the owner in a sum equal to just compensation; implicit is an additional sum reflected by an interest rate commensurate with the existing economic conditions]). “Interest at a proper rate ‘is a good measure by which to ascertain the amount so to be added’ ” (Matter of City of New York, 259 App Div 552, 554 [1940], quoting Seaboard Air Line R. Co. v United States, 261 US 299, 306 [1923]).
In resolving the instant dispute, it must also be recognized that:
“ ‘There are two types of interest which should be distinguished. The first is interest by way of damages for any delay in the payment of a condemnation award. This interest forms a part of the just compensation which must be paid the owner. The other is interest earned after the entry of a final judgment of condemnation. The damage element included in the award is called “constitutional or compensation interest or part of the award” due the owner, while the postjudgment interest is called “penalty or incidental interest.” ’ ” (Matter of Rochester Carting Co. v Levitt, 36 NY2d 264, 268 [1975], quoting 19 NY Jur, Eminent Domain § 243, at 490-491.)
Postjudgment interest “is not constitutionally required, and statutes regulating such interest have as a rule not been deemed to run afoul of the ‘full compensation’ requirement” (Adventurers Whitestone Corp. v City of New York, 65 NY2d 83, 87 [1985] [quoting Rochester Carting Co., 36 NY2d at 268], appeal dismissed 474 US 935 [1985]).
In accordance with this rationale, EDPL 514 (A) provides in pertinent part that “[s]ubject to the provisions of this chapter, a condemnee shall be entitled to lawful interest from the date of acquisition to the date of payment.” This provision is consistent with Administrative Code of the City of New York § 5-327 (a), which provides, in relevant part, that:
“[a]ll damages awarded by the court, with interest . thereon from the date title to the real property acquired shall have vested in the city and all costs, charges and expenses which may have been taxed shall be paid by the city to the respective owners *719 mentioned or referred to in the final decree or to the persons in whose favor such costs, charges and expenses were taxed.”
EDPL 514 goes on to provide:
“(C) If an appeal is taken by the condemnor or the condemnee, the condemnor shall pay such portion of the award of the court from which appeal has not been taken upon proof of a condemnee’s entitlement thereto.
“(D) Where an appeal has been taken by either a condemnee or the condemnor or by both from all or part of an award of the court, the condemnor may deposit in a special interest bearing account all or any part of the amount directed to be paid in the award other than any advance payment already made including the amount required to be paid pursuant to subdivision (C) hereof. Interest on the amount deposited shall not be allowed from the expiration of twenty days after notification in writing by the condemnor to the condemnee or his attorney, that the condemnor is ready and willing to pay said amount upon proof of entitlement thereto, such as vouchers and instruments. Any such deposit or payment shall be without prejudice to the rights of the condemnor or the condemnee on such appeal.”
Like EDPL 514, Court of Claims Act § 20 (7) (a) suspends interest based upon the mailing of a certificate of no appeal, a satisfaction of judgment and waiver of attorney’s lien. In interpreting this provision, it has been held that “[i]f the State seriously and unreasonably delays payment of the judgment, a claimant’s constitutional guarantee of full compensation will be violated and postjudgment interest may be owed” (Matter of Riccardi v Abrams, 85 AD2d 65, 66 [1982] [citing Rochester Carting Co., 36 NY2d at 266], lv dismissed 56 NY2d 507 [1982], lv dismissed and appeal dismissed 56 NY2d 1033 [1982]).
It should also be noted that the above-quoted provisions are consistent with the general provisions of the CPLR. As is relevant to the issues now before the court, CPLR 5003 provides that “[e]very money judgment shall bear interest from the date of its entry.” Although “[t]he statute does not explicitly dictate when interest ceases to accrue, . . . generally ‘[o]nce a money claim has been reduced to judgment, it carries interest until it is paid’ ” (Matter of Matra Bldg. Corp. v Rucker, 19 AD3d 496 *720 [2005], quoting Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5003; Liberatore v Olivieri Dev., 303 AD2d 954 [2003]; Feldman v Brodsky, 12 AD2d 347 [1961], affd 11 NY2d 692 [1962]; see also Pollock v Collipp, 138 AD2d 584 [1988] [plaintiffs were entitled to interest on the amount of their recovery following entry of judgment, pursuant to CPLR 5003]). “Absent an unconditional tender of payment of a judgment, postjudgment interest continues to accrue” (Michaels v United States Tennis Assn., 295 AD2d 222 [2002], citing Cohen v Transcontinental Ins. Co., 262 AD2d 189, 190-191 [1999]; Matter of Jeffrey Towers v Straus, 31 AD2d 319, 325 [1969], affd 26 NY2d 812 [1970]). Hence, “[b]arring any inequitable or dilatory conduct on the part of the judgment creditor, a money judgment bears interest from the date of its entry and continues to accrue at the statutory rate until the judgment is satisfied” (Bankers Trust Co. of Cal., N.A. v Brunson, 40 AD3d 672, 672 [2007]; accord Matra Bldg., 19 AD3d 496).
In addressing the issue of the interest that accrues against a municipality, it has been held that
“when an award is obtained against a municipality, interest. . . should be computed (1) from the ‘earliest ascertainable date the cause of action existed ... to the date the verdict was rendered’ if the matter inter alia is a contract action (CPLR 5001, subds. [b], [c]; Adler v. Board of Educ. of City of N.Y., 33 Misc 2d 789, affd. 18 A D 2d 1053; Futia Co. v. Schenectady Municipal Housing Auth., 33 A D 2d 591); (2) ‘upon the total sum awarded, including interest to verdict’, if the matter inter alia is a contract action, and ‘in any action, from the date the verdict was rendered ... to the date of entry of final judgment’ (CPLR 5002 [emphasis supplied]; cf. Decker v. Dundee Cent. School Dist., 4 N Y 2d 462); and (3) from the ‘date of . . . entry’ of a money judgment against a municipality (CPLR 5003).” (Acme Bldrs. v County of Nassau, 36 AD2d 317, 319 [1971], affd 31 NY2d 924 [1972].)
No authority has been offered by the parties or found by the court that would compel a different result in a condemnation proceeding.
As is relevant to the City’s claim that its deposit of the money with the court should toll the running of interest because it deposited the money with the court, CPLR 5519 provides that a stay of a judgment or order may be obtained, without a court *721 order, where the appellant is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state, or where the judgment or order directs the payment of a sum of money, and an undertaking in that sum is given to secure payment if the judgment is affirmed.[2] In addressing the application of this provision, however, the Appellate Division, Second Department, has explained that:
“The accrual of this interest was not tolled when the defendant posted an undertaking in order to secure a stay pending appeal (see, CPLR 5519 [a]). There is no statutory exemption of interest for money placed in escrow in order to obtain a stay of execution of the judgment pending appeal (see, CPLR 5519; see also, Persons v Gardner, 122 App Div 167, 170-171; Steinback v Diepenbrock, 5 App Div 208, 211-212). Hence, in the absence of a tender or payment of a special deposit (see, Meilak v Atlantic Cement Co., 30 AD2d 254, 256; Moscow Fire Ins. Co. v Hecksher & Gottlieb, 260 App Div 646, 651, affd 285 NY 674), interest on a money judgment continues to accrue at the statutory rate until the judgment is satisfied, barring any inequitable or dilatory conduct on the part of the judgment creditor (see, ERHAL Holding Corp. v Rusin, 252 AD2d 473; Feldman v Brodsky, 12 AD2d 347, 349-351, affd *722 11 NY2d 692).” (Purpura v Purpura, 261 AD2d 595, 597 [1999].)
Discussion
As the above discussion makes clear, claimant is entitled to receive interest on the condemnation award until the judgment is paid, pursuant to EDPL 514, Administrative Code § 5-327, and CPLR 5003 and 5519, as applied by controlling case law. In so holding, the court finds that claimant did not engage in inequitable or dilatory conduct that would preclude its entitlement to interest earned on the unpaid judgment (see Mordecai v State of New York, 118 AD2d 763, 763-764 [1986] [interest on the award should not have been suspended where there was no indication in either the record or the trial court’s decision that claimants delayed in filing their claim]; see generally Greenberg v Greenberg, 269 AD2d 354, 355 [2000] [the court should have permitted defendant to recover interest on the unpaid award of equitable distribution where she did not engage in inequitable or dilatory conduct which would preclude her entitlement to interest earned on the unpaid judgment]; cf ERHAL Holding, 252 AD2d at 474 [the court properly denied plaintiffs motion to direct defendants to pay postjudgment interest where plaintiff delayed service of the requisite notice of entry, moved for a stay pending appeal, and interfered with defendants’ attempts to satisfy the judgment on two occasions]), nor did it file a cross appeal from the decision (see e.g. Feldman, 12 AD2d at 351 [interest may be cut off if the judgment creditor takes an appeal]). To the contrary, the City has delayed payment since February 29, 1996, and is now appealing the final decree, while still refusing to pay claimant just compensation for the property.
This holding finds further support in EDPL 514 (A), which clearly provides that “a condemnee shall be entitled to lawful interest from the date of acquisition to the date of payment” (see generally In re Board of Transp., 285 NYS 639 [1936] [interest is to be paid on the amount of the prior award deposited, from the date of the vesting of title to the making of the deposit; as to the balance not covered by the deposit, interest is to be paid from the date of vesting of title to the date of payment]). Further, EDPL 514 (D), which specifically addresses the issue of the suspension of interest if an appeal is taken by either the condemnor or the condemnee, provides that interest shall not be allowed “from the expiration of twenty days after notification in writing by the condemnor to the condemnee or his at *723 torney, that the condemnor is ready and willing to pay said amount.” That the statute requires that interest continues to accrue until the condemnor offers payment to the claimant if an appeal is taken compels the conclusion that the City cannot avoid the payment of interest by depositing the money with the court, without making the funds available to claimant.
Conclusion
The court finds that the payment of the condemnation award, plus interest, into the court will not serve to toll the accrual of interest pending a decision on the City’s appeal of the final decree. Accordingly, claimant is granted a judgment declaring that statutory interest shall continue to run on the award at the rate of 6% per year, compounded annually, from the vesting of title on February 29, 1996, until such time as the date of availability of payment, or until further order of this court or of the Appellate Division, Second Department, otherwise directs.

. Claimant also notes that the City’s calculation of the amount of interest due fails to account for the fact that the advance payment was not made until nine years after title vested, so that it is entitled to an additional $187,782.53.

. CPLR 5519 (a) provides, in relevant part:
“Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
“1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state; provided that where a court, after considering an issue specified in question four of section seventy-eight hundred three of this chapter, issues a judgment or order directing reinstatement of a license held by a corporation with no more than five stockholders and which employs no more than ten employees, a partnership with no more than five partners and which employs no more than ten employees, a proprietorship or a natural person, the stay provided for by this paragraph shall be for a period of fifteen days; or
“2. the judgment or order directs the payment of a sum of money, and an undertaking in that sum is given that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the amount directed to be paid by the judgment or order, or the part of it as to which the judgment or order is affirmed.”