■ MARLENE S. COLGATE, Respondent, v BROADWALL MANAGEMENT CORP., Appellant. [857 NYS2d 539]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 10, 2007, which denied defendant's motion to vacate a judgment previously entered against it or, alternatively, to amend such judgment, unanimously affirmed, with costs.

Following an award in favor of plaintiff tenant by the Division of Housing and Community Renewal, and defendant managing agent's subsequent unsuccessful administrative and judicial challenges thereto, a judgment was entered against defendant in April 1994. After defendant's motion to vacate the judgment was denied, its motion was granted to the extent of reducing the principal amount of the judgment to reflect a rent credit that had been taken by plaintiff. As a result, the County Clerk entered an amended judgment in December 1994, but defendant again moved, in part, to vacate the award, and now appeals from the denial of that motion.

Supreme Court may entertain all causes of action unless its jurisdiction has been specifically proscribed (*Sohn v Calderon*, 78 NY2d 755 [1991]; *see also Missionary Sisters of Sacred Heart v Meer*, 131 AD2d 393, 394-395 [1987]). There is no constitutional or legislative proscription against Supreme Court's subject matter jurisdiction in controversies concerning a rent overcharge. No challenge to subject matter jurisdiction was raised before the motion court. Defendant was clearly aware of the judgment against it, from its repeated efforts to vacate, and yet, it has refused to make any payment to plaintiff. There appears to be no reasonable excuse for defendant's recalcitrance in meeting this legal obligation under a properly entered judgment.

Moreover, defendant may not avoid payment of interest on the judgment. It is well settled that "interest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period," and "is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to

them' " (*Love v State of New York*, 78 NY2d 540, 544 [1991] [citation omitted]). Therefore, barring any inequitable or dilatory conduct on the part of the judgment creditor, which is not apparent here, a money judgment bears interest from the date of its entry and continues to accrue at the statutory rate until it is satisfied (*see* CPLR 5003; *see also Feldman v Brodsky*, 12 AD2d 347, 349 [1961], *affd* 11 NY2d 692 [1962]). Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 33955(U).]