D & D Mason Contrs., Inc. v Town of Huntington (2024 NY Slip Op 05325)

D & D Mason Contrs., Inc. v Town of Huntington

2024 NY Slip Op 05325

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04602
 (Index No. 26050/01)

[*1]D & D Mason Contractors, Inc., plaintiff,
v
Town of Huntington, respondent; DeMartino Property Management, Inc., nonparty-appellant.

Bryan Ha, White Plains, NY, for nonparty-appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover payment for work performed, nonparty DeMartino Property Management, Inc., appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 24, 2023. The order, insofar as appealed from, (1) granted that branch of the motion of the defendant Town of Huntington which was to toll or cancel the accrual of interest on a judgment of the same court entered January 4, 2007, to the extent of directing that the interest that had accrued on so much of the judgment as was in the sum of $124,503.51 be waived from the date of entry of the judgment to November 4, 2022, (2) granted that branch of the cross-motion of nonparty DeMartino Property Management, Inc., which was to recover interest that accrued at a rate of 9% per annum on the judgment from the date of entry of the judgment to November 7, 2022, only to the extent of directing the recovery of interest that had accrued at a rate of 9% per annum on so much of the judgment as was in the sum of $15,198.84 from the date of entry of the judgment to November 4, 2022, and (3) denied that branch of that nonparty's cross-motion which was for the imposition of sanctions against the defendant Town of Huntington and that defendant's counsel and/or for an award of reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or around 2001, the plaintiff commenced this action against the Town of Huntington, inter alia, to recover payment for work that it had performed for the Town. Thomas DeMartino was the principal of the plaintiff. Following a bench trial, the Supreme Court determined that the Town had properly terminated a contract that had been entered into between the plaintiff and the Town but that the plaintiff nonetheless was entitled to recover compensation for the work that it had performed for the Town prior to the termination of the contract. On January 4, 2007, a judgment was entered in favor of the plaintiff and against the Town in the principal sum of $88,385.74, together with prejudgment interest from October 28, 2000, in the sum of $49,223.61 and costs and disbursements in the sum of $2,093, for a total sum of $139,702.35. In January 2009, the plaintiff assigned its rights under the judgment to nonparty DeMartino Property Management, Inc. (hereinafter DPM). The president of DPM is the brother of Thomas DeMartino. Thereafter, in connection with an administrative hearing by the New York State Department of Labor (hereinafter [*2]the DOL) based upon a complaint that the plaintiff had violated Labor Law § 220 by failing to pay prevailing wages to the plaintiff's employees in connection with the work performed by the plaintiff for the Town, a hearing officer issued a report and recommendation finding, among other things, that the plaintiff had willfully failed to pay prevailing wages and supplements to its employees and that it had falsified payroll records. Specifically, the hearing officer found that the plaintiff underpaid wages and supplements due to employees in the amount of $40,820.84, was responsible for interest on the total underpayment at a rate of 16% per annum from the date of underpayment to the date of payment, and should be assessed a civil penalty in the amount of 25% of the underpayment and interest due. In a determination dated June 25, 2009 (hereinafter the June 2009 determination), the Commissioner of Labor (hereinafter the Commissioner) adopted the hearing officer's findings of fact and conclusions of law. Thereafter, the plaintiff, among others, commenced a proceeding pursuant to CPLR article 78 to review the June 2009 determination. In a decision and order dated February 22, 2011, this Court confirmed the June 2009 determination, denied the petition, and dismissed the proceeding on the merits (see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d 943).
On November 4, 2022, the Town paid the judgment to DPM. DPM accepted the payment without prejudice to its rights to seek payment in full of the postjudgment interest.
Thereafter, the Town moved, inter alia, to toll or cancel any postjudgment interest that had accrued on the judgment. DPM opposed and cross-moved for the imposition of sanctions against the Town and the Town's counsel and/or for an award of reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1 and to recover interest that accrued at a rate of 9% per annum on the judgment from the date of entry of the judgment to November 7, 2022. The Town opposed DPM's cross-motion.
In an order dated March 24, 2023, the Supreme Court, among other things, granted that branch of the Town's motion which was to toll or cancel the accrual of interest on the judgment to the extent of directing that the interest that had accrued on so much of the judgment as was in the sum of $124,503.51 be waived from the date of entry of the judgment to the date when the Town paid the judgment on November 4, 2022. The court found good cause to waive the accrual of such interest on this portion of the judgment on the ground that the DOL had restrained the Town from tendering payment of the sum of $124,503.51 to DPM as a result of the investigation that the DOL had conducted into whether the plaintiff had violated Labor Law § 220. The court also held that DPM was entitled to statutory interest at a rate of 9% from the date of entry of the judgment to November 4, 2022, on the remaining balance of the judgment in the sum of $15,198.84. The court also denied that branch of DPM's cross-motion which was for the imposition of sanctions and/or for an award of reasonable attorneys' fees. DPM appeals.
Although CPLR 5003 provides that "[e]very money judgment shall bear interest from the date of its entry" (see Matter of Matra Bldg. Corp. v Kucker, 19 AD3d 496, 496; Pollock v Collipp, 138 AD2d 584), "[e]quitable considerations may result in an estoppel which can toll the accrual of interest" (Matter of Matra Bldg. Corp. v Kucker, 19 AD3d at 496). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Danielowich v PBL Dev., 292 AD2d 414, 415).
Here, the Supreme Court was within its discretion to grant that branch of the Town's motion which was to toll or cancel the accrual of interest to the extent of directing that the interest that had accrued on so much of the judgment as was in the sum of $124,503.51 be waived from the date of entry of the judgment to the date when the judgment was paid in November 2022 (see Danielowich v PBL Dev., 292 AD2d at 415; ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474). The Town demonstrated that the lengthy delay in payment of the judgment was, in large measure, attributable to the DOL investigation of the plaintiff's own wrongful conduct in failing to pay prevailing wages to its employees and falsifying its records and related litigation arising out of that wrongful conduct.
DPM's remaining contention is without merit.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court