GC Chiropractic, P.C. v Allstate Ins. Co. (2025 NY Slip Op 50835(U))

[*1]

GC Chiropractic, P.C. v Allstate Ins. Co.

2025 NY Slip Op 50835(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2023-1069 K C

GC Chiropractic, P.C., as Assignee of German Tome, Appellant, 
against
Allstate Ins. Co., Respondent. 

Gary Tsirelman, P.C. (David M. Gottlieb of counsel), for appellant.
Peter C. Merani, P.C. (Samuel A. Kamara and Michael Zeleznock of counsel), for respondent.

Appeal from an amended order of the Civil Court of the City of New York, Kings County (Jill R. Epstein, J.), dated May 11, 2023. The amended order, insofar as appealed from, granted the branch of defendant's motion seeking an order pursuant to CPLR 2606, 2607 and 8010 directing plaintiff to move to recover from the Department of Finance the undertaking deposited by defendant, and, sua sponte, directed plaintiff "to provide Defendant with [a] Satisfaction of Judgment upon receipt of full payment."

ORDERED that, on the court's own motion, so much of the notice of appeal as is from so much of the order as, sua sponte, directed plaintiff to provide defendant with a satisfaction of judgment upon plaintiff's receipt of full payment should be deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the amended order, insofar as appealed from, is reversed, with $30 costs, the branch of defendant's motion seeking an order pursuant to CPLR 2606, 2607 and 8010 directing plaintiff to move to recover from the Department of Finance the undertaking deposited by defendant is denied, and so much of the order as, sua sponte, directed plaintiff to provide defendant with a satisfaction of judgment upon plaintiff's receipt of full payment is vacated.
In this action by a provider to recover assigned first-party no-fault benefits, a default judgment was entered in plaintiff's favor on July 27, 2016 for the total sum of $3,623.62. On [*2]December 4, 2017, defendant's motion seeking to vacate the default judgment was denied. Defendant appealed to this court from the December 4, 2017 order and, on January 25, 2018, defendant deposited the sum of $3,623.62 with the New York City Department of Finance (DOF) in connection with the appeal. By decision and order dated November 29, 2019, this court affirmed the order denying defendant's motion to vacate the default judgment (GC Chiropractic, P.C. v Allstate Ins. Co., 65 Misc 3d 156[A], 2019 NY Slip Op 51954[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Defendant subsequently moved for, among other things, an order pursuant to CPLR 2606, 2607 and 8010 directing plaintiff to move to recover from the DOF the undertaking deposited by defendant. After plaintiff opposed the motion, the Civil Court (Jill R. Epstein, J.), in an amended order dated May 11, 2023, "[p]ursuant to CPLR 2606, 2607 and 8010 . . . direct[ed] plaintiff to proceed to recover the undertaking from the Department of Finance and to provide Defendant with [a] Satisfaction of Judgment upon receipt of full payment."
While no appeal as of right lies from the sua sponte portion of the order directing plaintiff to provide defendant with a satisfaction of judgment upon plaintiff's receipt of full payment, we deem the notice of appeal to be an application for leave to appeal from that portion of the order and grant plaintiff's application (see CCA 1702 [c]).
Defendant's contentions that the undertaking it deposited on January 25, 2018 tolled the accrual of interest, that the amount of the undertaking is sufficient to satisfy defendant's debt, and that it is plaintiff's burden to move to recover the undertaking lack merit. The deposit of money pursuant to CPLR 5519 in order to obtain a stay of execution of the judgment pending appeal does not toll the accrual of interest (see Purpura v Purpura, 261 AD2d 595; 597 [1999]; see also Wiederhorn v Merkin, 106 AD3d 416 [2013]; Matter of Matra Bldg. Corp. v Kucker, 19 AD3d 496 [2005]). We note that since no-fault interest continues to accrue until the judgment is satisfied (see Matter of Matra Bldg. Corp., 19 AD3d 496; see generally 11 NYCRR 65-3.9 [a]; Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144 [2021]), the amount of the undertaking alone will be insufficient to satisfy the judgment.
Accordingly, the amended order, insofar as appealed from, is reversed, and the branch of defendant's motion seeking an order pursuant to CPLR 2606, 2607 and 8010 directing plaintiff to move to recover from the Department of Finance the undertaking deposited by defendant is denied and so much of the order as, sua sponte, directed plaintiff to provide defendant with a satisfaction of judgment upon plaintiff's receipt of full payment is vacated.
BUGGS, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025