Dr. Alexander Berenblit, as Assignee of William Sabellico, Appellant-Respondent, 
against
Aetna Casualty & Surety Co., Respondent-Appellant.




Glinkenhouse, Floumanhaft & Queen (Alan Queen of counsel), for appellant-respondent.
Law Offices of Aloy O. Ibuzor (Christopher Manfried, Esq.), for respondent-appellant.

Appeal and cross appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered August 9, 2017. The order, insofar as appealed from by plaintiff as limited by the notice of appeal, upon, in effect, granting the branch of defendant's motion seeking to vacate a judgment of that court entered July 28, 1998 upon an order of that court entered March 13, 1998 (James P. Dollard, J.) granting plaintiff's unopposed motion for summary judgment and awarding plaintiff the sum of $2,306.24 plus interest from December 11, 1995, granted the branches of defendant's motion seeking to dismiss plaintiff's claim for statutory prejudgment interest and to toll postjudgment interest, to the extent of directing that prejudgment interest be calculated "as simple, rather than compound interest," tolling postjudgment interest from July 28, 1998 to June 16, 2005, and directing that postjudgment interest be calculated at a rate of 9% per annum. The order, insofar as cross-appealed from by defendant, denied so much of defendant's motion as sought to toll postjudgment interest from June 16, 2005 onward. The notice of appeal and the notice of cross appeal from the order entered August 9, 2017 are deemed to be a notice of appeal and a notice of cross appeal from a judgment of that court entered August 16, 2017 awarding plaintiff the sum of $5,442.42 (see CPLR 5512 [a]).




ORDERED that the judgment entered August 16, 2017 is reversed, without costs, so much of the order entered August 9, 2017 as granted the branches of defendant's motion seeking to dismiss plaintiff's claim for statutory prejudgment interest and to toll postjudgment interest, to the extent of directing that statutory prejudgment interest be calculated "as simple, rather than [*2]compound interest" and tolling postjudgment interest from July 28, 1998 to June 16, 2005 is vacated, those branches of defendant's motion are denied, plaintiff is awarded statutory postjudgment interest from July 28, 1998 at a rate of 9% per annum, and the matter is remitted to the Civil Court for a calculation of interest in accordance with this decision and order, and for the entry of an appropriate judgment thereafter.
In this action by a provider, commenced on June 14, 1996, to recover first-party no-fault benefits for services it had rendered to its assignor in 1995, plaintiff moved for summary judgment, which motion defendant failed to oppose. By order entered March 13, 1998, the Civil Court (James P. Dollard, J.) granted plaintiff's motion, on default, and awarded plaintiff "the sum of $2,306.24 plus interest from December 11, 1995. The branch of the motion for attorney[']s fees is granted to the extent that plaintiff is awarded $250.00 or they may proceed to inquest." On July 28, 1998, a judgment in the sum of $5,442.42 was entered in plaintiff's favor.
By order to show cause returnable in March 2017, defendant moved for a stay of execution and/or enforcement of the July 1998 judgment, vacatur or modification of that judgment, dismissal of any statutory interest due to plaintiff's delay and the doctrine of laches, and a tolling of postjudgment interest due to plaintiff's delay. In opposition to the motion, plaintiff asserted that it had served defendant's attorney with a copy of the July 1998 judgment, with notice of entry, on June 16, 2005. Defendant, however, argued that it had received no such notice, and that it had not learned of the judgment until it had received a marshal's notice in February 2017. By order entered August 9, 2017, the Civil Court (Maureen A. Healy, J.) granted defendant's motion to the extent of tolling "pre-judgment" interest from "July 28, 1998 through June 16, 2005 to date" and directing that postjudgment interest be calculated at a rate of 9% per annum; sua sponte, changed the accrual date of prejudgment interest from December 11, 1995 to June 14, 1996; and directed that prejudgment interest be calculated as simple, not compound interest.
With respect to postjudgment interest, CPLR 5003 provides that "[e]very money judgment shall bear interest from the date of its entry" and, generally, interest accrues until the judgment is paid (see Matter of Matra Bldg. Corp. v Kucker, 19 AD3d 496 [2005]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; BZ Chiropractic, P.C. v Allstate Ins. Co.,56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). "Postjudgment interest is awarded as a penalty for the delayed payment of a judgment" (ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U], *2; BZ Chiropractic, P.C. v Allstate Ins. Co.,56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2). Since plaintiff, as the prevailing party, was not required to make a demand for the payment of the judgment (see e.g. Feldman v Brodsky, 12 AD2d 347, 351 [1961], affd 11 NY2d 692 [1962]; BZ Chiropractic, P.C. v Allstate Ins. Co.,56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2; Weinstein-Korn-Miller, NY Civ Prac ¶ 5003.01 [2d ed 2009]), and did not cause the delay in defendant's payment of the monies owed, the Civil Court erred in tolling the accrual of interest on the judgment from July 28, 1998 until June 16, 2005. However, the Civil Court properly determined that, pursuant to CPLR 5004, postjudgment interest should be calculated at a rate of 9% per annum (see Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U], *2; BZ Chiropractic, [*3]P.C. v Allstate Ins. Co.,56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2). With respect to prejudgment interest, we note that the regulation in effect in 1995 through 1998 provided for interest at the rate of "2% per month compounded" (see former Insurance Department Regulations [11 NYCRR] § 65.15 [h] [1]).
The parties' remaining contentions are unpreserved for appellate review or have no merit.
Accordingly, the judgment entered August 16, 2017 is reversed, so much of the order entered August 9, 2017 as granted the branches of defendant's motion seeking to dismiss plaintiff's claim for statutory prejudgment interest and to toll postjudgment interest, to the extent of directing that statutory prejudgment interest be calculated "as simple, rather than compound interest" and tolling postjudgment interest from July 28, 1998 to June 16, 2005 is vacated, those branches of defendant's motion are denied, plaintiff is awarded statutory postjudgment interest from July 28, 1998 at a rate of 9% per annum, and the matter is remitted to the Civil Court for a calculation of interest in accordance with this decision and order, and for the entry of an appropriate judgment thereafter.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019