Pro-Med Med., P.C. v MVAIC (2022 NY Slip Op 50135(U))

[*1]

Pro-Med Med., P.C. v MVAIC

2022 NY Slip Op 50135(U) [74 Misc 3d 130(A)]

Decided on February 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-551 K C

Pro-Med Medical, P.C., as Assignee of
Jennifer Murillo, Jacinto Vargas and Juanita Vargas, Respondent,
against
MVAIC, Appellant. 

Bruno, Gerbino, Soriano & Aitken, LLP (Shaun Malone and Susan B. Eisner of counsel),
for appellant.
Israel, Israel & Purdy, LLP (Jennifer Greenhalgh Howard, Justin Skaferowsky and William
Purdy of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered September 21, 2018. The order denied defendant's motion to direct the
clerk to enter a satisfaction of judgment or, in the alternative, to compel plaintiff to file a
satisfaction of judgment.

ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on July 26, 2001 to recover assigned first-party no-fault
benefits for services provided to its assignors, who were allegedly injured in a motor vehicle
accident on February 10, 2001. Defendant failed to answer the complaint or otherwise appear in
the action. Upon plaintiff's motion, a default judgment was entered on October 3, 2001, awarding
plaintiff the sum of $19,893.34, which included the principal amount sought in the complaint and
prejudgment statutory no-fault interest. On March 1, 2018, defendant tendered payment to
plaintiff in the amounts of $16,147.12 for the principal sum, $1,071.22 for prejudgment interest,
$2,550 for attorney's fees, $125 for costs and fees, and $29,407.31 for postjudgment interest at a
rate of nine per centum per annum pursuant to CPLR 5004. Plaintiff rejected the tender on the
ground that defendant had not offered the full amount of interest due.
By order to show cause dated May 9, 2018, defendant moved, pursuant to CPLR 5021 (a)
(2), for an order directing the clerk to enter a satisfaction of the $19,893.34 judgment, as the
"judgment has been fully paid and satisfied." In the alternative, defendant moved to compel
plaintiff to file a satisfaction of judgment. Plaintiff opposed the motion. By order entered
September 21, 2018, the Civil Court denied defendant's motion. 
Postjudgment interest accrues at the rate of 2% per month in a no-fault action, as "Insurance
Law § 5106 (a) and former 11 NYCRR 65.15 (h), which [provide] specific [interest]
directives, supersede the interest provisions contained in CPLR 5004, the more general statute"
(Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 156 [2021]).
Consequently, defendant's contention that the postjudgment interest accrued at the rate of 9% per
year pursuant to CPLR 5004 is without merit (see id.). Additionally, since former 11
NYCRR 65.15 (h) was still in effect at the time of the underlying accident in 2001, the 2% per
month interest rate is compounded (see id.). 
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2022