## Lloyd v Voyager Indem. Ins. Co.

2026 NY Slip Op 30691(U)

March 3, 2026

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-741987-22/KI

Judge: Monique J. Holaman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                    PART    40

SCOTT LLOYD, PH.D.                          Index No. CV-741987-22/KI
A/A/O PHETIERE, JOSHUA,
                                            Motion Cal. # NFA-10 Motion Seq. #1
                          Plaintiff,
                                            **DECISION AND ORDER**
          -against-
                                            Recitation as required by CPLR § 2219(a) of the
VOYAGER INDEMNITY INS. CO.                  papers considered in review of this Motion:

                          Defendant.        **Papers:**
                                            Notice of Motion and Affidavits Annexed......... 1

Upon the foregoing cited papers, the Decision/Order on Plaintiff's Motion to Enforce Settlement is decided as follows:

Plaintiff's Motion is marked FINAL on today's date. Plaintiff's motion is GRANTED. Plaintiff is to Enter Judgment upon calculation.

Plaintiff and Defendant entered into a stipulation of settlement dated December 16, 2022, and then again on June 26, 2024 which included payment terms and a timeframe for payment to be remitted to Plaintiff's counsel within thirty (30) days of the execution of the Stipulation of Settlement. Defendant failed to comply with the terms of both the Stipulations of Settlement, and thus, Plaintiff shall enter judgment for the amount in the summons and complaint, the accumulated additional statutory interest, statutory attorney fees, and any other costs, fees and disbursements incurred by the Plaintiff in having to engage in additional collection actions on the Stipulation of Settlement.

Once the case is settled, Defendant was obligated to pay the agreed-upon amount to Plaintiff, *see* CPLR 5003-a, and "plaintiff, as the prevailing party, was not required to make a demand for the money." Seaside Rehabilitation v. Allstate Ins. Co., 63 Misc.3d 162 (App. Term, 2d Dep't, 2019) (internal quotation marks omitted); *see also*, CPLR 5003-a (e).

Defendant did not demonstrate that Plaintiff had prevented Defendant in any way from paying the settlement amount. *See* ERHAL Holding Corp. v. Rusin, 252 A.D.2d 473 (2d Dep't, 1998); Juracka v. Ferrara, 120 A.D.2d 822 (3d Dep't, 1986); Craniofacial Pain Mgt. v. Allstate Ins. Co., 61 Misc.3d 155 (App. Term, 2d Dep't, 2018).

Finally, according to Pro-Med Med., P.C. v. MVAIC, 74 Misc.3d 130(A) (App Term, 2d Dep't, 2022), the interest is to run at the rate of 2% per month in a no-fault action, as "Insurance Law § 5106(a) and former 11 NYCRR 65.15(h), which [provides] specific [interest] directives, supersede[s] the interest provisions contained in CPLR 5004, the more general statute." *Citing* Matter of B.Z. Chiropractic, P.C. v. Allstate Ins. Co., 197 A.D.3d 144, 156 (2d Dep't, 2021). Moreover, in any event, CPLR 5004 expressly provides that "[i]nterest shall be at the rate of nine

[* 1]

per centum per annum, *except where otherwise provided by statute*", (emphasis added), allowing for the recognition of statutes that may control certain interest calculations in more narrowly-defined areas of law.

This constitutes the decision and order of the Court.

Counsel for Plaintiff – Printed Name and Initials:  Richard Rozhik, Esq.

Counsel for Defendant – Printed Name and Initials: no appearance

Date:  Brooklyn, New York
       March 3, 2026

_____
Hon. Monique J. Holaman
Judge, Civil Court, Kings County

ENETERED - Kings Civil Court
3/4/2026, 12:22:00 PM

[* 2]